UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

EDERSON J. PACHECO
and other similarly situated individuals,

      Plaintiff(s),

v.

YORKSHIRE BUILDING SERVICES, INC.

      Defendant,

_____/

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, EDERSON J. PACHECO, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant YORKSHIRE BUILDING SERVICES, INC., and alleges:

### JURISDICTION AND VENUES

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. The Plaintiff brings also an action for equitable and monetary relief to readdress the violations of Plaintiff's rights pursuant to the Family Medical Leave Act (hereinafter "FMLA"), 29 U.S.C. Section 2612 (a)(1), and the anti-retaliatory provisions found in Section 2615 (a)(1) and (2), and (b) (1). Plaintiff also brings an action and for the violation of the Families First Coronavirus Response Act ("FFCRA"),  P.L. 116-136, as amended;

### PARTIES

3. Plaintiff EDERSON J. PACHECO is a covered employee for purposes of the Act. The Plaintiff is a resident of Broward County, Florida, within the jurisdiction of this Honorable Court.  The Plaintiff is a covered employee for purposes of the FLSA, FMLA, and the Families First Coronavirus Response Act ("FFCRA"), P.L. 116-136, as amended.

4. Defendant YORKSHIRE BUILDING SERVICES, INC. (hereinafter YORKSHIRE BUILDING, or Defendant) is a Florida corporation, having a place of business in Broward County, Florida, where the Plaintiff worked. The Defendant was engaged in interstate commerce.

5. The Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], the Family Medical Leave Act (hereinafter "FMLA"), 29 U.S.C. Section 2612 (a)(1), as amended; and the Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended;

6. All the actions raised in this complaint took place in Broward County Florida, within the jurisdiction of this Court.

GENERAL ALLEGATIONS

7. <u>FLSA allegations.-</u> This cause of action is brought by Plaintiff EDERSON J. PACHECO as a collective action to recover from the Defendant overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after August 2019, (the "material time") without being properly compensated.

8. Defendant YORKSHIRE BUILDING is a provider of building maintenance, janitorial, and cleaning services to commercial accounts. Plaintiff serves numerous businesses located in Miami/Dade, Broward, Palm Beach Counties, Fort Lauderdale, Miami, West Palm Beach, Miramar, Boca Raton, Delray Beach, Tampa, Naples and Jacksonville, Florida. The Defendant headquarters is located at 3740 Park Central Blvd. N. Pompano Beach, FL 33064.

9. Defendant YORKSHIRE BUILDING employed Plaintiff EDERSON J. PACHECO approximately from August 01, 2019, to May 01, 2020, or 39 weeks.

10. The Plaintiff was hired as a non-exempted, full-time cleaning employee, and he was assigned to work at Quest Diagnostics, in Miramar, Florida. At the clinical laboratory, the plaintiff had duties as a janitor and cleaning employee.

11. The Plaintiff was paid at a rate of $14.00 an hour. The Plaintiff's overtime rate should be $21.00 an hour.

12. During his time of employment with Defendant, Plaintiff had an irregular schedule, Plaintiff worked 5 days per week from Monday to Friday between 8:00 AM to 4:30, 5:00 PM or later.

13. The Plaintiff always worked more than 40 hours in a week, but he was paid for an average of 42.5 regular hours. In weeks in which Plaintiff worked many overtime hours, he was paid for all his hours, but at his regular rate.  However, Plaintiff was not paid for overtime hours, as required by law.

14. The Plaintiff estimates that he worked an average of 52.91 hours every week.  Thus, the Plaintiff estimates that he is owed half-time for an average of 12.91 overtime hours every week.

15. The Plaintiff clocked in and out and the Defendant was able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

16. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

17. The Plaintiff was paid bi-weekly with checks and paystubs providing the number of hours paid at his regular rate.

18. Plaintiff is not in possession of time and payment records, but he will offer an average good faith estimate of unpaid overtime hours based on some paystubs in his possession. After proper discovery, the Plaintiff will adjust his calculations accordingly.

19. Plaintiff's last day of work was on or about May 01, 2020, day in which he learned that he was positive for the Coronavirus-19. Plaintiff was fully asymptomatic, and he was fired after he finished his self-isolation period.

20. Plaintiff EDERSON J. PACHECO seeks to recover regular and overtime wages for every hour above 40 that he worked, liquidated damages, and any other relief as allowable by law.

21. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

22. FMLA and FFCRA CLAIM.- The Plaintiff incorporates his allegations from paragraphs 1 through 19 as if fully restated herein.

23. Throughout his employment with Defendant, the Plaintiff performed his duties in an exemplary fashion. The Plaintiff had duties as a janitor and cleaning employee at the clinical laboratory Quest Diagnostics, in Miramar, Florida.

24. On or about April 24, 2020, at his request, because he had a newborn baby girl, and because of the nature of his work, the Plaintiff took the COVID-19 test.

25. On or about May 01, 2020, Plaintiff learned that he tested positive for the COVID-19. The Plaintiff was fully asymptomatic. Plaintiff immediately informed his direct supervisor Alex Diaz about the results of his test.

26. Plaintiff was sent home to begin his quarantine period.  Following medical advice, the Plaintiff repeated the test around May 15, 2020, but the test still showed virus activity.

27. On or about May 22, Plaintiff tested negative for the virus.

28. Plaintiff was expecting the clearance to return to work, and he constantly updated the Defendant about his medical condition.  However, Defendant fired Plaintiff.

29. On or about May 15, 2020 supervisor Alex Diaz fired Plaintiff, he stated that the Defendant did not want him anymore.

30. Plaintiff tried to recover his work, and he called management to inform that he was able to work, but the Defendant never called Plaintiff to work again.

31. Defendant YORKSHIRE BUILDING fired Plaintiff before he was cleared to return to work. Plaintiff was unlawfully and retaliatory terminated by his employer.

32. Defendant YORKSHIRE BUILDING violated Plaintiff's protected rights under the Family Medical Leave Act 29 U.S.C. Section 2612 (a)(1), as amended, when it failed to inform Plaintiff that he was eligible to take leave under the FMLA because of his qualifying medical condition.

33. Defendant YORKSHIRE BUILDING violated Plaintiff's protected rights under the Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended, when it fired Plaintiff due to the COVID-19 diagnosis, and therefore should be punishable under FLSA, 29 U.S.C. § 215 (a) (3).

34. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of his employment, as well as the security and peace of mind it provided him. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of his job.

35. Plaintiff seeks to recover damages pursuant to the Family Medical Leave Act; and to Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended; and any other remedy, as allowable by law.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME

36. Plaintiff EDERSON J. PACHECO re-adopts every factual allegation as stated in paragraphs 1-21 concerning to FLSA, as if set out in full herein.

37. This cause of action is brought by Plaintiff EDERSON J. PACHECO as a collective action to recover from the Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after August

2019, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

38. The Defendant YORKSHIRE BUILDING was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a commercial provider of maintenance and janitorial and is engaged in interstate commerce. The Defendant had more than two employees recurrently engaged in commerce or the production of goods and services for commerce by regularly and recurrently ordering supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

39. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities were regularly engaged in interstate commerce. The Plaintiff regularly handled and worked on goods and materials that were produced for commerce and were moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

40. Defendant YORKSHIRE BUILDING employed Plaintiff EDERSON J. PACHECO approximately from August 01, 2019, to May 01, 2020, or 39 weeks.

41. The Plaintiff was hired as a non-exempted, full-time cleaning employee, and he was assigned to work at Quest Diagnostics, in Miramar, Florida. At the clinical laboratory, The Plaintiff had duties as a janitor and cleaning employee.

42. The Plaintiff was paid at a rate of $14.00 an hour. The Plaintiff's overtime rate should be $21.00 an hour.

43. During his time of employment with Defendant, Plaintiff had an irregular schedule, Plaintiff worked 5 days per week from Monday to Friday between 8:00 AM to 4:30, 5:00 PM or later.

44. The Plaintiff always worked more than 40 hours in a week, but he was paid for an average of 42.5 regular hours. In weeks in which Plaintiff worked many overtime hours, he was paid for all his hours, but at his regular rate.  However, Plaintiff was not paid for overtime hours, as required by law.

45. The Plaintiff estimates that he worked an average of 52.91 hours every week.  Thus, the Plaintiff estimates that he is owed half-time for an average of 12.91 overtime hours every week.

46.  The Plaintiff clocked in and out and the Defendant was able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

47. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

48. The Plaintiff was paid bi-weekly with checks and paystubs providing the number of hours paid at his regular rate.

49. Plaintiff's last day of work was on or about May 01, 2020, day in which he learned that he was positive for the Coronavirus-19, and then he was fired.

50. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation paid to such employees should be in the

possession and custody of the Defendant. However, upon information and belief, Defendant did not maintain time accurate records of hours worked by the Plaintiff and other employees.

51. The Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

52. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

53. Plaintiff is not in possession of time and payment records, but he will offer an average good faith estimate of unpaid overtime hours based on some paystubs in his possession. After proper discovery, the Plaintiff will adjust his calculations accordingly.

* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

   a. Total amount of alleged unpaid O/T wages:

      Three Thousand Five Hundred Twenty-Four Dollars and 43/100 ($3,524.43)

   b. Calculation of such wages:

      Relevant weeks of employment:  39 weeks
      Total number of relevant weeks: 39 weeks
      Total hours worked:  52.91 hours weekly
      Total overtime hours: 12.91 hour weekly
      Regular rate: $14.00 an hour x 1.5 = $21.00
      Overtime rate: $21.00-$14.00 rate paid= $7.00 half-time difference

      Half-time O/T $7.00 x 12.91 O/T hours =$90.37 x 39 weeks=$3,524.43

   c. Nature of wages (e.g. overtime or straight time):

      This amount represents unpaid half-time overtime wages.

54. At all times, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked over the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

55. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

56. Defendant YORKSHIRE BUILDING willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

57. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff EDERSON J. PACHECO and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff EDERSON J. PACHECO and other similarly situated individuals and against the Defendant YORKSHIRE BUILDING;

B. based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. §

201 et seq.; and

C. Award Plaintiff EDERSON J. PACHECO actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

D. Award Plaintiff an equal amount in double damages/liquidated damages; and

E. Award Plaintiff reasonable attorneys' fees and costs of suit; and

F. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff EDERSON J. PACHECO demands trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## VIOLATION OF FAMILY & MEDICAL LEAVE ACT OF 1993;
## INTERFERENCE WITH FMLA RIGHTS

58. Plaintiff EDERSON J. PACHECO re-adopts every factual allegation about the Family Medical Leave Act as stated in paragraphs 1-6 and 22-36 above, or the FMLA allegations, as if set out in full herein.

59. This is an action against corporate Defendant YORKSHIRE BUILDING for damages and injunctive relief for violation of the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601-2654).

60. At all times relevant and material, the Defendant YORKSHIRE BUILDING, is an Employer under the FMLA, as defined in 29 U.S.C. § 2611(4).  Defendant was always pertinent to this Complaint, engaged in interstate commerce, and employed 50 or more employees within a 75 miles radius of the facility where the Plaintiff worked.

61. Plaintiff EDERSON J. PACHECO is a qualified member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act.

62. The Defendant YORKSHIRE BUILDING employed Plaintiff EDERSON J. PACHECO from approximately August 01, 2019, to May 01, 2020, or 39 weeks.

63. Plaintiff was hired as a full-time janitorial employee, and at the time of his termination, Plaintiff was paid an hourly rate of $14.00 an hour.

64. Plaintiff had worked for YORKSHIRE BUILDING for more than 1250 hours in the 12 months preceding his need for medical leave.

65. At all times material, Plaintiff was qualified to perform his job as a janitor and cleaning employee within the legitimate expectations of his employer.

66. However, on or around May 01, 2020, Plaintiff informed his direct supervisor Alex Diaz that he tested positive for COVID-19.

67. Plaintiff initiated his self-quarantine related to COVID-19, a qualifying condition under the FMLA, and he took 2 weeks of unprotected leave to treat his qualifying medical condition.

68. Defendant YORKSHIRE BUILDING violated Plaintiff's FMLA protections when it failed to inform Plaintiff that he was eligible to take protected leave under the FMLA. According to 29 CFR §825.300 (a)(1) and (b)(1), employers are required to inform employees when they meet the requirements to be eligible for FMLA. YORKSHIRE BUILDING did not inform Plaintiff of his FMLA rights.

69. Plaintiff was expecting to get back to work after his quarantine period and upon medical clearance.

70. Instead, on or about May 15, 2020, the Plaintiff was wrongfully terminated and his rights under the provisions of the Family Medical Leave Act were violated.

71. Defendant YORKSHIRE BUILDING is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601-2654). Defendant interfered with Plaintiff's rights.

72. 29 U.S. CODE § 2615 states in pertinent part:

**a) Interference with rights**
**(1) Exercise of rights**
It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.
**(2) Discrimination**
It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

73. Plaintiff was entitled to FMLA leave.  However, Defendant in complete disregard of Plaintiff's protected rights under the Family Medical Leave Act fired Plaintiff, preventing him from obtaining the benefits of FMLA to treat his condition, to obey Federal, State, and local quarantine orders, and then continuing his job in his original position or any equivalent position.

74. Defendant YORKSHIRE BUILDING willfully and wantonly denied or otherwise interfered with Plaintiff substantive rights under FMLA, 29 U.S.C. Sect 2615(a)(1), (a) (2), and 2615(b) (2) which states in pertinent part: (b) Interference with proceedings or inquiries........(2) It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual—has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter"

75. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts

described in part above, Plaintiff has sustained damages for the loss of his employment, as well as the security and peace of mind it provided him. Plaintiff has sustained mental, nervous, and emotional injury. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages attendant with the loss of his job.

76. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff EDERSON J. PACHECO respectfully requests that this Honorable Court will grant judgment:

A. Finding that YORKSHIRE BUILDING'S actions towards Plaintiff to be violative of the Plaintiff's rights under the FMLA;

B. Awarding Plaintiff EDERSON J. PACHECO payment of all back wages lost benefits, and other economic damages, including front pay, found by the Court to be due under FMLA;

C. Awarding Plaintiff an additional equal amount as liquidated damages for Defendant's willful violation of the FMLA;

D. Granting such other and further relief as is just and proper;

E. Awarding Plaintiff costs, including a reasonable attorney's fee.

## JURY DEMAND

Plaintiff EDERSON J. PACHECO demands trial by a jury of all issues triable as of right by a jury.

## COUNT III:
## VIOLATION OF FAMILY & MEDICAL LEAVE ACT OF 1993
## RETALIATION FOR EXERCISING FMLA RIGHTS

77. Plaintiff EDERSON J. PACHECO re-adopts every factual allegation about the Family Medical Leave Act as stated in paragraphs 1-6 and 22-36 above, or the FMLA allegations, as if set out in full herein.

78. This is an action against corporate Defendant YORKSHIRE BUILDING for damages and injunctive relief for violation of the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601-2654).

79. At all times relevant and material, the Defendant YORKSHIRE BUILDING, is an Employer under the FMLA, as defined in 29 U.S.C. § 2611(4). Defendant, was at all-time pertinent to this Complaint, engaged in interstate commerce, and employed 50 or more employees within a 75 miles radius of the facility where the Plaintiff worked.

80. Plaintiff EDERSON J. PACHECO is a qualified member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act.

81. The Defendant YORKSHIRE BUILDING employed Plaintiff EDERSON J. PACHECO from approximately August 01, 2019, to May 01, 2020, or 39 weeks.

82. Plaintiff was hired as a full-time janitorial employee, and at the time of his termination, Plaintiff was paid an hourly rate of $14.00 an hour.

83. Plaintiff had worked for YORKSHIRE BUILDING for more than 1250 hours in the 12 months preceding his need for medical leave.

84. At all times material, Plaintiff was qualified to perform his job as a janitor and cleaning employee within the legitimate expectations of his employer.

85. However, on or around May 01, 2020, Plaintiff informed his direct supervisor Alex Diaz that he tested positive for COVID-19.

86. Plaintiff initiated his self-quarantine related to COVID-19, a qualifying condition under the FMLA, and he took 2 weeks of unprotected leave to treat his qualifying medical condition.

87. Plaintiff engaged in statutorily protected conduct by giving notice to his employer about his need for a protected FMLA leave.

88. Plaintiff suffered a materially adverse action of a type that would dissuade a reasonable employee from engaging in statutorily protected activity. Specifically, Defendant terminated Plaintiff's employment.

89. There is a causal link between Plaintiff's need for an FMLA leave and the adverse action.

90. Plaintiff was wrongfully terminated from his position in retaliation to his qualified position to exercise his rights under the Act thereby adversely affecting Plaintiff.

91. Defendant YORKSHIRE BUILDING is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601-2654). Defendant retaliated against Plaintiff violating 29 U.S. CODE § 2615 and 29 C.F.R § 825.220 which states in pertinent part:

§ 825.220 Protection for employees who request leave or otherwise assert FMLA rights.

**(a)** The FMLA prohibits interference with an employee's rights under the law, and with legal proceedings or inquiries relating to an employee's rights. More specifically, the law contains the following employee protections:

**(1)** An employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act.

**(2)** An employer is prohibited from discharging or in any other way discriminating against any person (whether or not an employee) for opposing or complaining about any unlawful practice under the Act.

92. Plaintiff was entitled to FMLA leave.  However, Defendant in complete disregard of Plaintiff's protected rights under the Family Medical Leave Act, acting in bad faith, fired Plaintiff, preventing him from obtaining the benefits of FMLA leave,  and then continuing

his job in his original position or any equivalent position.

93. Defendant willfully and wantonly denied, or otherwise interfered and retaliated against Plaintiff for his entitlement to exercise substantive rights under the Family Medical Leave Act.

94. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of his employment, as well as the security and peace of mind it provided him. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of his job.

95. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff EDERSON J. PACHECO respectfully requests that this Honorable Court will grant judgment:

A. Finding that YORKSHIRE BUILDING'S actions toward Plaintiff to be violative of the Plaintiff's rights under the FMLA.

B. Awarding Plaintiff EDERSON J. PACHECO payment of all back wages lost benefits, and other economic damages, including front pay, found by the Court to be due under FMLA;

C. Awarding Plaintiff an additional equal amount as liquidated damages for Defendant's willful violation of the FMLA;

D. Granting such other and further relief as is just and proper;

E. Awarding Plaintiff costs, including a reasonable attorney's fee.

## JURY DEMAND

Plaintiff EDERSON J. PACHECO demands trial by a jury of all issues triable as of right by a jury.

## COUNT IV:
## VIOLATION OF THE FAMILY FIRST CORONAVIRUS RESPONSE ACT
## ("FFCRA") P.L. 116-136, AS AMENDED

96. Plaintiff EDERSON J. PACHECO re-adopts every factual allegation about the FFCRA, as stated in paragraphs 1-6 and 22-36 above, as if set out in full herein.

97. At all times relevant and material, the Defendant YORKSHIRE BUILDING, is an Employer under the FMLA, as defined in 29 U.S.C. § 2611(4).

98. Plaintiff EDERSON J. PACHECO is a qualified member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act.

99. The Defendant YORKSHIRE BUILDING employed Plaintiff EDERSON J. PACHECO from approximately August 01, 2019, to May 01, 2020, or 39 weeks.

100. Plaintiff was hired as a full-time janitorial employee, and at the time of his termination, Plaintiff was paid an hourly rate of $14.00 an hour.

101. At all times material, Plaintiff was qualified to perform his job as a janitor and cleaning employee within the legitimate expectations of his employer.

102. Defendant YORKSHIRE BUILDING is a large business with less than five hundred (500) employees and is therefore subject to the FFCRA

103. Plaintiff had worked for YORKSHIRE BUILDING for more than 30 days before his need for medical leave.

104. On or about May 01, 2020, Plaintiff tested positive for COVID-19. 1) Plaintiff was subjected to a Federal, State, or Local quarantine or isolation order related to COVID-19;

2) Plaintiff had been advised by a health care provider to self-quarantine related to COVID-19; 3) Plaintiff was under observation because of his COVID-19 diagnosis.

105.     Defendant YORKSHIRE BUILDING violated the FFCRA by discharging Plaintiff from his position based upon his positive COVID-19 diagnosis and orders from his physician to self-isolate.

106.     Under the FFCRA, employers are to provide their employees with paid sick leave up to two (2) weeks or eighty (80) hours at their regular rate of pay, which the Defendant did.

107.     However, the Defendant YORKSHIRE BUILDING terminated Plaintiff on or about May 15, 2020.

108.     Defendant YORKSHIRE BUILDING was fully aware of the health status of the Plaintiff by virtue of the regular updates he provided to his supervisor.

109.     Before Plaintiff was cleared to return to work by physicians because of the concerns for his health regarding the positive COVID-19 diagnosis, he was unlawfully and retaliatorily terminated by his employer, YORKSHIRE BUILDING.

110.     Plaintiff's need for time off work, due to the concerns related to COVID-19 expressed by his physicians, was the motivating factor behind his termination.

111.     Pursuant to the FFCRA, the Defendant YORKSHIRE BUILDING was prohibited from terminating Plaintiff for his physician-ordered time off work due to COVID-19, and therefore shall be punishable under FLSA, 29 U.S.C. § 215 (a) (3).

112.     29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed

any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

113.     Defendant YORKSHIRE BUILDING willfully and intentionally retaliated against Plaintiff by firing him.

114.     The motivating factor which caused the Plaintiff's termination as described above was the 2 weeks leave to treat his COVID-19 diagnosis. In other words, the Plaintiff would not have been discharged but for his positive COVID-19 test and related 2 weeks self-isolation period.

115.     The Defendant's termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, the Plaintiff has been damaged.

116.     The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff EDERSON J. PACHECO respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendant' acts, policies, practices, and procedures complained of herein violated provisions of the Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 116-136, as amended;

B. Enter judgment against Defendant YORKSHIRE BUILDING, and DAWN M. HURLBURT that Plaintiff EDERSON J. PACHECO recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D.  Order the Defendant to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E.  Plaintiff EDERSON J. PACHECO further prays for such additional relief as the interests of justice may require.

JURY DEMAND

Plaintiff EDERSON J. PACHECO demands trial by a jury of all issues triable as of right by a jury.

Dated:  July 28, 2020

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*